RAJ V. ABHYANKER, California SBN 233,284
Email: raj@legalforcelaw.com

**LEGALFORCE RAPC WORLDWIDE, P.C.**
1580 W. El Camino Real, Suite 10
Mountain View, CA 94040
Telephone: (650) 965-8731

Attorney for Movant

BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: ANTITRUST LITIGATION INVOLVING AXON ENTERPRISE, INC. | MDL No. 1:24-P-86<br><br>**BRIEF IN SUPPORT OF MOTION TO CONSOLIDATE AND TRANSFER CASES FOR COORDINATED OR CONSOLIDATED PRETRIAL PROCEEDINGS TO THE DISTRICT OF NEW JERSEY PURSUANT TO 28 U.S.C. § 1407** |

1
Brief ISO Motion to the Judicial Panel on Multidistrict Litigation to Consolidate and
Transfer the Cases to the District of New Jersey for Pretrial Proceedings
MDL CASE NO.: 1:24-P-86

## I. Introduction

1. This Motion seeks to consolidate and transfer the above-listed actions (the "Actions") to a single district for coordinated or consolidated pretrial proceedings. The Actions involve overlapping claims of antitrust violations by Axon Enterprise, Inc. ("Axon") related to its acquisition of VieVu, its alleged monopoly in the markets for body-worn camera ("BWC") systems and digital evidence management systems ("DEMS"), and its contractual practices that stifle competition and harm consumers.

2. Consolidation and transfer are warranted because the Actions involve common factual questions and legal issues, and their coordination will serve the convenience of parties and witnesses, promote judicial efficiency, and avoid duplicative discovery and inconsistent rulings.

## II. Legal Standard

3. Under 28 U.S.C. § 1407(a), the Panel may transfer actions for coordinated or consolidated pretrial proceedings when:

   a. The actions involve one or more common questions of fact;
   b. Transfer will serve the convenience of parties and witnesses; and
   c. Transfer will promote the just and efficient conduct of the actions.

## III. Argument

*A. The Actions Involve Common Questions of Fact*

4. Both Actions allege:

   a. Axon's acquisition of VieVu eliminated its largest competitor in the BWC systems market, resulting in a substantial lessening of competition in violation of Section 7 of the Clayton Act.
   b. Axon's contractual practices—including bundling, exclusivity agreements, and tying arrangements—foreclosed competition and created high switching costs for law enforcement agencies.
   c. Axon's conduct caused harm to competition by creating adverse

2

Brief ISO Motion to the Judicial Panel on Multidistrict Litigation to Consolidate and Transfer the Cases to the District of New Jersey for Pretrial Proceedings
MDL CASE NO.: 1:24-P-86

market effects, suppressing innovation, and limiting customer choice in the BWC systems and DEMS markets.

### B. Transfer Will Serve the Convenience of Parties and Witnesses

5. Centralizing the Actions in one district will reduce the burden on parties, witnesses, and counsel. Both Actions will likely involve extensive document discovery, including overlapping evidence regarding Axon's acquisition strategies, pricing practices, and market behavior. Key witnesses, including Axon's executives and employees, will be required to testify in both Actions, making consolidation critical to avoiding duplicative depositions and travel expenses.

### C. Transfer Will Promote Judicial Efficiency and Avoid Duplicative Proceedings

6. Without consolidation, the Actions will proceed separately in the District of Arizona and the District of New Jersey, resulting in duplicative discovery and potential inconsistencies in rulings on overlapping issues. Centralized pretrial proceedings will ensure consistent management of discovery, pretrial motions, and class certification issues, thereby conserving judicial resources.

### D. Causes of Action to Be Transferred

7. Movant requests that the following causes of action from the First Amended Complaint in *GovernmentGPT Incorporated v. Axon Enterprise, Inc., et al.*, Case No. 2:24-cv-01869-SMB, pending in the United States District Court for the District of Arizona, be transferred to the District of New Jersey for coordinated pretrial proceedings:

**Cause of Action #2**

Violation of Section 7 of the Clayton Act, 15 U.S.C. § 18:

8. Alleging that Axon's acquisition of VieVu substantially lessened competition and tended to create a monopoly in the BWC systems and DEMS markets.

9. This cause of action alleges Axon's acquisition of VieVu substantially

3

Brief ISO Motion to the Judicial Panel on Multidistrict Litigation to Consolidate and Transfer the Cases to the District of New Jersey for Pretrial Proceedings
MDL CASE NO.: 1:24-P-86

lessened competition and tended to create a monopoly. This claim directly overlaps with the factual and legal issues already under consideration in the New Jersey case, where antitrust concerns related to Axon's market consolidation practices are central. Transferring this claim ensures consistency in evaluating the competitive impact of Axon's acquisitions.

**Cause of Action #3**

Conspiracy to Restrain Trade in Violation of Section 1 of the Sherman Act, 15 U.S.C. § 1:

    10. Alleging that Axon conspired with other entities to unreasonably restrain trade in the BWC systems and DEMS markets.

    11. This claim alleges that Axon conspired with other entities to unreasonably restrain trade in the BWC systems and DEMS markets. Given the interconnected nature of Axon's contractual and collaborative practices across jurisdictions, transferring this claim avoids duplicative discovery and ensures a unified analysis of Axon's alleged conspiratorial conduct.

**Cause of Action #4**

Violation of Section 2 of the Sherman Act, 15 U.S.C. § 2 – Monopolization:

    12. Alleging that Axon engaged in anticompetitive conduct to maintain its monopoly in the BWC systems and DEMS markets.

    13. The monopolization claim focuses on Axon's maintenance of its dominant position through exclusionary conduct. Because this issue involves analyzing Axon's market power and anti-competitive strategies—already a focus in the New Jersey case—transferring this cause of action promotes judicial efficiency and avoids conflicting rulings on monopolization claims.

**Cause of Action #5**

Violation of Section 2 of the Sherman Act, 15 U.S.C. § 2 – Attempted Monopolization:

    14. Alleging that Axon attempted to monopolize the RTCC markets through

Brief ISO Motion to the Judicial Panel on Multidistrict Litigation to Consolidate and Transfer the Cases to the District of New Jersey for Pretrial Proceedings
MDL CASE NO.: 1:24-P-86

exclusionary conduct.

15. The Attempted Monopolization claim in Arizona involves Axon's broader market strategies, many of which overlap with its conduct in the BWC systems and DEMS markets under scrutiny in New Jersey.  Even though the RTCC market is distinct, the tactics Axon employed to allegedly dominate that market (e.g., exclusionary contracts, bundling, and leveraging market power) may share similarities with its practices in the BWC and DEMS markets.  Consolidating this claim ensures that discovery on Axon's business practices, communications, and strategies is coordinated, preventing duplicative efforts.

16. The transferee court will already be managing complex antitrust issues related to Axon's alleged monopolistic conduct in related markets. Allowing the same court to handle pretrial proceedings for the attempted monopolization claim avoids the need for multiple courts to familiarize themselves with Axon's overall market behavior.

17. The transferee court can better ensure consistency in rulings on pretrial motions, discovery disputes, and legal interpretations of Section 2 of the Sherman Act across related claims.

18. Moreover, key witnesses and evidence related to Axon's business practices and competitive strategies are likely relevant to both the RTCC claim and the BWC/DEMS claims. Centralizing pretrial proceedings in one district reduces the burden on witnesses, parties, and counsel by avoiding repeated depositions and document productions.  Antitrust claims often require expert testimony on market definition, competitive effects, and barriers to entry. Transferring the attempted monopolization claim allows a single court to oversee expert reports and analyses, ensuring consistency across overlapping issues such as Axon's market power and exclusionary conduct.

**Cause of Action #6**

Violation of Section 2 of the Sherman Act, 15 U.S.C. § 2 – Conspiracy to

Monopolize:

Alleging that Axon conspired with other entities to monopolize the BWC systems and DEMS markets.

19. These causes of action involve factual and legal issues that overlap significantly with those in the related action pending in the District of New Jersey. Centralizing these claims in a single district will streamline pretrial proceedings, reduce duplicative efforts, and ensure consistency in judicial rulings.

20. This cause of action alleges Axon conspired with other entities to monopolize the BWC systems and DEMS markets. The allegations of conspiracy rely on evaluating agreements and strategies that overlap with those in the New Jersey case. Transferring this claim facilitates a comprehensive and unified approach to addressing the alleged monopolistic conspiracy.

*E. Proposed Transferee District*

21. Movant respectfully submits that the District of New Jersey is the most appropriate transferee district for the following reasons:

**Centrality to the Litigation:**

22. The Township of Howell case in the District of New Jersey was the first-filed action and has advanced further procedurally, providing the court with an established understanding of the antitrust issues involved.

23. The District of New Jersey is geographically well-positioned to accommodate the needs of parties and witnesses located on the East Coast, particularly those associated with law enforcement agencies and related stakeholders.

**Judicial Expertise and Resources:**

24. The Honorable Robert Kirsch, presiding over the New Jersey action, is already familiar with the underlying factual and legal issues, ensuring efficiency and consistency in pretrial management.  The District of New Jersey has the resources and docket capacity to manage multidistrict litigation efficiently.

6
Brief ISO Motion to the Judicial Panel on Multidistrict Litigation to Consolidate and Transfer the Cases to the District of New Jersey for Pretrial Proceedings
MDL CASE NO.: 1:24-P-86

**Proximity to Key Parties and Evidence:**

25. Many of the witnesses including the law enforcement agencies impacted by Axon's practices are located in or near New Jersey, making it a logical and convenient forum for centralized proceedings. Evidence, including relevant contracts and communications, is likely distributed among agencies and Axon's regional activities in this area.

**Convenience for Plaintiff:**

26. GovernmentGPT Incorporated, as the sole plaintiff, will benefit from reduced logistical burdens by consolidating the cases in New Jersey. The centralized location ensures proximity to key evidence and witnesses.

### IV.　CONCLUSION

27. For the foregoing reasons, Movant respectfully requests that the Panel consolidate and transfer the above-listed Actions to the District of New Jersey for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407.

Respectfully submitted this Monday December 23, 2024.

LEGALFORCE RAPC WORLDWIDE P.C.

/s/ Raj Abhyanker
Raj Abhyanker
Attorney for Plaintiff GovGPT

RAJ V. ABHYANKER, California SBN 233,284
Email: raj@legalforcelaw.com

**LEGALFORCE RAPC WORLDWIDE, P.C.**
1580 W. El Camino Real, Suite 10
Mountain View, CA 94040
Telephone:  (650) 965-8731